Eastern Dist.
March, 1836.

RIORDON
vs.
DAVIS.

To compel an administrator to account for the administration of a succession, all the parties must be properly before the court; the heirs of the deceased partner properly represented, as well as the surviving partner of the community.

An executor or administrator ought not to be compelled to render two separate accounts, relating to a single succession.

---

## RIORDON vs. DAVIS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

A witness may refer to a memorandum to refresh his memory relating to the facts he is called to testify about. It is not required that the memorandum be cotemporary with the facts. It suffices that it was made by the witness, or another with his privity, when the facts were fresh in his recollection, and that the reading of it restores them, when fading in his memory.

A witness will be permitted to refer to a summary of his testimony given on a former trial, touching the value of certain work which he had previously examined and approved. This is not for the purpose of reviving

his faded recollection of the facts themselves, but to remind him of what he had sworn to on a former trial.

If a witness dies before the last trial, his testimony taken on a former trial of the same cause, is admissible in evidence.

So, the adverse party is authorised to produce the testimony of a witness taken down on the first trial, with a view of showing that it differed from his statements given on the second trial.

A witness will be allowed to refer to a report of experts, of whom he was one, which has been set aside, to refresh his memory, when the fact to be proved was, what estimate he had put on the work done, the reference being as to a memorandum deliberately made at the time.

This is an action to recover from the defendant, the sum of seven hundred and twelve dollars and thirty-five cents, being the balance of an account stated, for carpenters' work done on the houses of the latter.

The defendant admitted the plaintiff had worked on his houses, but averred his charges were exorbitant, erroneous and fraudulent; that he had been employed as a master workman, to direct and conduct his buildings in a skillful manner, but had shamefully neglected his business, so much so that he was dismissed, and other workmen employed to go on and complete the work; that he has paid the defendant one hundred and twenty-six dollars to be imputed to this demand, which is as much as he is entitled to.

Experts were appointed to examine the work done by the plaintiff, and to report thereon to court. They estimated the value of work and labor done on the defendant's buildings by the plaintiff, at five hundred and twenty-five dollars.

The report of experts was set aside, an amended answer filed, and a new trial ordered. Two carpenters estimated the value of the work done, one at five hundred and twenty-five dollars, and the other at five hundred and ninety-five dollars. The district judge took the medium value of five hundred and sixty dollars, and after deducting two hundred and six dollars for payments and credits proved, gave judgment in favor of the plaintiff for three hundred and fifty-four dollars. The defendant appealed.

The bills of exception taken in the course of the trial, are fully noticed in the opinion of the court.

EASTERN DIST.
*March*, 1836.

RIORDON
*vs*
DAVIS.

*Ives*, for the plaintiff.

*Davis*, in *propriâ personâ.*

*Bullard, J.*, delivered the opinion of the court.

This suit is brought to recover the value of carpenters' work alleged to have been done for the defendant. He pleaded the general issue and some offsets; and judgment having been rendered against him, for a balance of three hundred and fifty-four dollars, he appealed.

The case appears to have been tried several times, and the record is encumbered with documents, interlocutory orders and exceptions, which we cannot notice, but shall confine ourselves to the proceedings had on the last trial, which was followed by the judgment appealed from.

The correctness of the judgment below, depends mainly on matters of fact, and the evidence in the record abundantly shows that the defendant was indebted, in some amount, for work done as alleged. The quantum depends upon estimates made by carpenters who were examined as witnesses.

The appellant has not favored us with any arguments on points of law, on which he relies for a reversal of the judgment; but there are two bills of exception in the record, which we proceed to notice.

By the first, it appears that while a witness was under examination, the plaintiffs counsel offered him a summary of his testimony, taken on a former trial, for the purpose of refreshing his recollection of what he had testified previously. This was objected to, on the ground that the estimate of the value of work, was not matter which could require or justify his reference to a memorandum to refresh his memory. The court having permitted the witness to recur to the summary of evidence, the defendant took a bill of exceptions.

It is now considered a settled rule of evidence, that a witness may refer to a memorandum in order to refresh his

*A witness may refer to a memorandum to refresh his memory, relating to the facts he is called to testify about. It is not required that the memorandum be cotemporary with the facts. It suffices that it was made by the witness, or another with his privity, when the facts were fresh in his recollection, and that the reading of it restores them, when fading in his memory.*

EASTERN DIST.
*March*, 1836.

RIORDON
*vs.*
DAVIS.

A witness will be permitted to refer to a summary of his testimony given on a former trial, touching the value of certain work, which he had previously examined and approved. This is not for the purpose of reviving his faded recollection of the facts themselves, but to remind him of what he had sworn to on a former trial.

If a witness dies before the last trial, his testimony taken on a former trial of the same cause, is admissible in evidence.

So, the adverse party is authorised to produce the testimony of a witness taken down on the first trial, with a view of showing that it differed from his statements on the second trial.

A witness will be allowed to refer to a report of experts, of whom he was one, which has been set aside, to refresh his memory, when the fact to be proved was, what estimate he had put on the

memory of facts. The rule, according to the authority of Starkie, does not require that the memorandum should be cotemporary with the facts; it suffices that it was made by the witness, or another with his privity, when the facts were fresh in the recollection of the witness, and that the reading of the memorandum restores the recollection of the fact which had faded in his memory. 1 *Starkie*, 128, 129.

But in this case, the witness was permitted to refer to his former testimony, given when the facts themselves were more fresh in his mind, not directly for the purpose of reviving his faded recollection of the facts themselves, but to remind him of what he had sworn to on a former trial, touching the value of certain work which he had previously examined and appraised. If the witness had died previously to the last trial, his testimony taken on a former trial, would have been admissible. It is clear, also, that when the same witness testifies on a second trial, the adverse party would be authorised to produce his first testimony, with a view of showing that it differed from his statements given on the second trial. Every witness is presumed to have sworn to the truth, until the contrary be shown, and is at liberty to correct his statements during the progress of the trial. We see no impropriety, therefore, in a witness referring to his statements on oath made on a former trial, with a view indirectly of reviving his recollection of facts within his knowledge.

The second bill of exception shows that another witness was permitted to refer to an estimate of the work, made by him and another person, which had been reduced to writing at the time, in order to enable him to refresh his memory. He was permitted to refer to the paper for that purpose, the judge observing that his evidence would be good, if he could afterwards depose from recollection, and not from the memorandum alone. It appears by the record, that the witness had been appointed one of two experts to examine and value the work done, but their report had been set aside. The fact to be proved, was what estimate he had put upon the work done. The report might well, in our opinion, be referred

to by the witness as a memorandum deliberately made at the time.

A careful examination of the evidence in the record, does not enable us to say that injustice has been done to the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.